UNITED STATES DISTRICT COURT
CENTRAL DIVISION OF THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| CHEYENNE RIVER SIOUX TRIBE<br><br>                    Plaintiff,<br><br>-against-<br><br>**EDWARD R. MADIGAN**, Secretary of Agriculture, United States Department of Agriculture,<br>**LA VERNE AUSMAN**, Administrator Farmers Home Administration, and **DON SCHOLTEN**, State Director for South Dakota Farmers Home Administration,<br><br>                    Defendants. | Civil No. 92-3016<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## INTRODUCTION

1. Plaintiff, Cheyenne River Sioux Tribe (hereinafter the "Tribe"), seeks review of the actions of the defendants, Secretary of Agriculture (hereinafter the "Secretary"), Administrator of the Farmers Home Administration (hereinafter the "Administrator"), and the State Director for South Dakota Farmers Home Administration ("FmHA"), purporting to disapprove a proposed land exchange between the Tribe and a tribal member.

2. The Tribe seeks declaratory and injunctive relief.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1362. The case arises under the Constitution of the United States, various federal laws and statutes, including but not limited to, the Administrative Procedures Act, 5 U.S.C. §§ 701-706; Treaty with the Sioux Nation, April 29, 1868, 15 Stat. 635; Act of March 2, 1889, 25 Stat. 888.

4. The Court has authority to issue declaratory and injunctive relief pursuant to 22 U.S.C. §§ 2201 and 2202.

5. Plaintiff has exhausted all administrative remedies and has no adequate remedy at law.

6. The Cheyenne River Sioux Tribe is a federally recognized Indian tribe, organized under the Indian Reorganization Act of 1934. 25 U.S.C. § 476.

7. Defendant, Edward R. Madigan is the Secretary of Agriculture and is charged by statute with the management and supervision of the United States Department of Agriculture, including all agencies and departments therein.

8. Defendant, La Verne Ausman is the Administrator of the Farmers Home Administration, which is an agency of the United States Department of Agriculture and which is principally responsible for the administration of FmHA loans.

9. Defendant, Don Scholten, is the State Director of the Farmers Home Administration. The State office has principal responsibility for administering the loan which allegedly forms the basis for the FmHA's purported authority to disapprove tribal land exchanges

**GENERAL ALLEGATIONS**

10. In 1974, the Cheyenne River Sioux Tribe entered into a loan contract with the FmHA for the purpose of acquiring lands within the Cheyenne River Indian Reservation. The amount of the loan was One Million Dollars ($1,000,000.00).

11. In 1978, the Cheyenne River Sioux Tribe entered into a second loan contract with the FmHA for the purpose of acquiring

lands within the Cheyenne River Indian Reservation. The amount of the loan was One Million Dollars ($1,000,000.00).

12. In early 1990, the Cheyenne River Sioux Tribe agreed to a proposed land exchange between Goldie LeClaire, a tribal member and the Tribe, concerning certain trust lands within the reservation.

13. The tribal lands at issue were not purchased with the process of FmHA loans.

14. On or about September 6, 1990, the FmHA purported to disapprove the proposed land transaction between the Tribe and Ms. LeClaire.

15. Although the Tribe's first loan contract with the FmHA grants the FmHA no authority to approve or disapprove tribal land exchanges, the Tribe's second loan contract grants the FmHA authority to approve or disapprove the sale or disposition of lands acquired with the proceeds of the loan.

16. Neither loan contract authorizes the FmHA to approve or disapprove of the disposition of tribal lands not purchased with the proceeds of FmHA.

17. The Tribe appealed the FmHA's erroneous disapproval, but the appeal was denied. The Tribe received notice of the erroneous denial of the appeal on April 20, 1992.

### FIRST CLAIM FOR RELIEF

1. The Tribe incorporates the allegations of paragraphs 1 through 17 of this complaint as if fully set forth herein.

2. The decision of the FmHA purporting to disapprove the proposed land exchange between the Tribe and Goldie LeClaire is

an abuse of discretion, arbitrary and capricious and contrary to law.

### SECOND CLAIM FOR RELIEF

1. The Tribe incorporates the allegations of paragraphs 1 through 17 of this complaint as if fully set forth herein.

2. The decision of the FmHA purporting to disapprove the proposed land exchange between the Tribe and Goldie LeClaire violates the Treaty with the Sioux Nation, April 29, 1868 and the Act of March 2, 1889.

### THIRD CLAIM FOR RELIEF

1. The Tribe incorporates the allegations of paragraphs 1 through 17 of this Complaint as if fully set forth herein.

2. The decision of the FmHA purporting to disapprove the proposed land exchange between the Tribe and Goldie LeClaire is a violation of the contract clause of the Constitution of the United States.

### PRAYER FOR RELIEF

WHEREFORE, the Tribe respectfully requests that this Court:

1. Grant declaratory judgment in favor of the Tribe, declaring that the FmHA has no authority to approve or disapprove of the disposition of tribal lands not purchased with FmHA loan proceeds.

2. Permanently enjoin the FmHA and the Secretary from interfering with tribal land transactions which do not involve land purchased with the proceeds of FmHA loans.

Dated: Cheyenne River Indian Reservation
       May 20, 1992

                                      Respectfully submitted,

                                      **CHEYENNE RIVER SIOUX TRIBE**

                                      BY: _/s/ Steven C. Emery_
                                             Steven C. Emery, Esq.
                                      Mark C. Van Norman, Esq.
                                      Cheyenne River Sioux Reservation
                                      P.O. Box 590
                                      Eagle Butte, South Dakota 57625
                                      (605) 964-6686